UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 01-103(1) (MJD)

| | |
|---|---|
| BRIAN WILLIAM PEHRSON,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | OPPOSITION OF THE UNITED STATES TO DEFENDANT PEHRSON'S MOTION PURSUANT TO RULE 60(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE |

Movant Brian Pehrson pleaded guilty to attempted possession with intent to distribute approximately one pound of methamphetamine. On May 8, 2002, this Court sentenced him to 240 months. This sentence included a downward departure from the otherwise applicable career offender guideline range of 292-365 months based on the Court's finding that the defendant's criminal history category of VI was overstated. Pehrson did not take a direct appeal.

Pehrson has now filed a motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. He appears to argue that his 1994 conviction for aggravated robbery should not have generated criminal history points because he did not validly waive his right to a jury trial when he pleaded guilty in that case. He has submitted a state court Order <u>upholding</u> his prior conviction, despite the jury waiver issue. He seeks elimination of the criminal history points for the prior conviction and requests that he be resentenced to 215 months.

Pehrson's motion should be denied for several reasons. First, he could have raised this issue on direct appeal, but failed to do so. Absent extraordinary circumstances, Rule 60(b)(6) motions cannot be used to remedy a failure to take an appeal. Chambers v. Armontrout, 16 F.3d 257, 261 (8th Cir. 1994).

Second, Rule 60(b)(6), assuming it would otherwise apply, requires that any motion for relief from a judgment be made within a reasonable time. Pehrson was sentenced in 2002. The state court "Order on Petition for Post-Conviction Relief" upon which Pehrson relies was issued on May 5, 2005. Pehrson has offered no explanation for waiting more than two years after the issuance of that order to file the instant motion.

Third, in the event the Court reaches the merits, the motion should be denied because a state court judge has already ruled that Pehrson's 1994 conviction for aggravated robbery is valid despite the issue regarding the waiver of his right to a trial by jury. Since the conviction has not been expunged, it counts for purposes of computing Pehrson's criminal history. U.S.S.G. § 4A1.2(j).

Respectfully submitted,

October 17, 2007

RACHEL K. PAULOSE
United States Attorney

*s/Jeffrey S. Paulsen*

BY: JEFFREY S. PAULSEN
Assistant U.S. Attorney
Attorney ID Number 144332