**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

BRIAN WILLIAM PEHRSON,

Movant,

v.

**ORDER**
Crim. File No. 01-103(2) (MJD)

UNITED STATES OF AMERICA,

Respondent.

---

Brian William Pehrson, pro se.

Jeffrey S. Paulsen, Assistant United States Attorney, for Respondent.

---

This matter is before the Court on Movant Brian William Pehrson's Motion Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. [Docket No. 106]

On December 17, 2001, Pehrson pled guilty to attempted possession with intent to distribute methamphetamine. In Pehrson's PSI, he was awarded 8 criminal history points, but was placed in Category VI as a career offender, based on two prior felony convictions for crimes of violence. One of the crimes of

violence was a 1994 Minnesota state conviction for aggravated robbery. This conviction awarded Pehrson 3 criminal history points. On May 8, 2002, this Court granted a downward departure based on overstatement of Pehrson's criminal history and decreased his criminal history category from VI to IV, which corresponded to his 8 criminal history points. The Court sentenced Pehrson to 240 months in prison, 5 months above the low-end of the applicable Guideline range.

Pehrson did not appeal this Court's sentence. On June 21, 2007, he filed a petition for writ of habeas corpus, which was summarily denied for lack of jurisdiction on August 8, 2007. On September 6, 2007, he filed the current motion.

Pehrson submits a May 5, 2005, order by the Kandiyohi County District Court denying his motion for post-conviction relief for his 1994 aggravated robbery conviction. The court concluded that Pehrson's "waiver of his right to a trial by jury was not valid," but held that his petition had to be denied because "petitioner has not acted with due diligence in seeking relief, his sentence on the underlying criminal matter has expired, and the unavailability or fading memories of witnesses would unfairly prejudice the State if a new trial were

ordered."

On April 11, 2006, the Minnesota Court of Appeals affirmed the trial court's decision. Pehrson v. State, No. A05-1135, 2006 WL 923480, at *2 (Minn. Ct. App. Apr. 11, 2006) (unpublished). On June 20, 2006, the Minnesota Supreme Court denied review of the Court of Appeals' decision.

Pehrson brings this motion under Federal Rule of Civil Procedure 60(b)(6) and asserts that it was inappropriate for the Court to apply a 3-point sentencing enhancement based on the 1994 conviction in his federal sentencing when the state court has ruled that his waiver of his right to a jury trial was invalid. He requests that the Court re-sentence him to 215 months, which is 5 months above the low-end of the Guideline range that would apply if the 3 criminal history points for the aggravated robbery conviction were deleted.

Federal Rule of Civil Procedure 60(b)(6) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . any other reason that justifies relief." "Relief under the Rule is an extraordinary remedy. It is not a substitute for other legal remedies. Such relief is to be granted only when exceptional circumstances prevented the moving party from seeking redress

through the usual channels." In re Zimmerman, 869 F.2d 1126, 1128 (8th Cir. 1989) (citations omitted).

The Court concludes that Pehrson's motion is time barred. Rule 60(b) provides that "[a] motion under Rule 60(b) must be made within a reasonable time." Pehrson was sentenced by this Court in 2002. He did not file a direct appeal. The state court upheld his 1994 conviction in an opinion including the statement that Pehrson's jury trial waiver was invalid on May 5, 2005. The Minnesota Court of Appeals affirmed the trial court on April 11, 2006, and the Minnesota Supreme Court denied review on June 20, 2006. Pehrson filed the current motion on September 6, 2007. Thus, he waited more than one year after the Minnesota Supreme Court denied review and the Court of Appeals affirmed, more than two years after the state trial court opinion, and more than five years after he was sentenced by this Court before bringing the current motion. The Court concludes that Pehrson waited an unreasonable amount of time, even taking into account Pehrson's assertion that sometime between May 5, 2005, and September 6, 2007, he was relocated to a new prison. There is simply no excuse for waiting more than one year after the conclusion of the state court proceedings to bring this motion. Cf. 28 U.S.C. § 2255 (providing a "1-year period of

limitation" for bringing a habeas challenge to a sentence).

Moreover, even if the Court were to address the merits of Pehrson's claim, his motion constitutes an impermissible collateral attack on his state court conviction, which has been upheld throughout his state court post-conviction proceedings. See, e.g., U.S.S.G. § 4A1.2, cmt. n.6: ("With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law (e.g., 21 U.S.C. § 851 expressly provides that a defendant may collaterally attack certain prior convictions)."); United States v. Loya-Guzman, No. 97-1500, 1997 WL 469726, at * 1 (8th Cir. Aug. 19, 1997) (unpublished) (holding that, apart from a "challenge only concerning the alleged lack of counsel," defendant "cannot otherwise collaterally attack his prior state convictions during his sentencing for the instant offense") (citing, e.g., U.S.S.G. § 4A1.2, cmt. n.6); United States v. Jones, 28 F.3d 69, 70 (8th Cir. 1994) ("Constitution only requires federal courts to permit a collateral attack on an earlier state conviction during federal sentencing when the defendant asserts the state court violated the defendant's right to appointed counsel") (citing Custis v. United States, 511 U.S. 485 (1994)).

**IT IS HEREBY ORDERED** that:

Pehrson's Pro Se Motion Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure is **DENIED**.

Dated: December 28, 2007

s/Michael J. Davis
Judge Michael J. Davis
United States District Court