UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                               ORDER
                                               Crim. No. 01-103 (02) (MJD)

Brian William Pehrson,

    Defendant.
_____

    Andrew Dunne, Assistant United States Attorney, Counsel for Plaintiff.

    Defendant *pro se.*
_____

This matter is before the Court on Defendant's *pro se* motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2).

On December 17, 2001, Defendant pleaded guilty to Count 2 of the Indictment which charged attempted possession with intent to distribute approximately one pound of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On May 8, 2002, Defendant was sentenced to a term of imprisonment of 240 months.

The applicable guideline range in this case was based on the Court's determination that Defendant was a Career Offender under § 4B1.1(a). As a

1

Career Offender, Defendant's base offense level was adjusted from 32 to 37. With a two level reduction for acceptance of responsibility, the total offense level was determined to be 35. Based on a total offense level 35, criminal history category VI, the applicable range was 292-365 months. At sentencing, the Court departed under § 4A1.3, finding that a criminal history category VI overstated Defendant's criminal history and the likelihood he would reoffend. The Court placed him in a category IV, which resulted in a guideline range of 235-293 months. Thereafter, the Court sentenced Defendant to a term of imprisonment of 240 months.

Defendant seeks a sentence reduction based on Amendment 782 to the Sentencing Guidelines which lowered the drug quantity base offense levels applicable to certain drug offenses. The Court finds that Defendant is not eligible for a sentence reduction, however, as Amendment 782 did not alter the guideline range for Career Offenders. United States v. Thomas, 775 F.3d 982 (8th Cir. 2014).

As applied here, even if the Defendant's base offense level was 30 instead of 32, the Career Offender designation requires that the offense level be adjusted upward to 37. Accordingly, Amendment 782 did not alter the guideline range for Defendant.

IT IS HEREBY ORDERED that Defendant's Motion for Sentence Reduction [Doc. No. 118] is DENIED.

Date: May 16, 2016        s/ Michael J. Davis
                          Michael J. Davis
                          United States District Court