# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

United States of America,

      Respondent,

v.                           **MEMORANDUM OF LAW AND ORDER**
                                Criminal File No. 01-103 (02) (MJD)

Brian William Pehrson,

      Petitioner.

Jeffrey S. Paulsen, Assistant U.S. Attorney, Counsel for Respondent.

Brian W. Pehrson, *pro se*.

## I.  Introduction

This matter is before the Court on Petitioner's Motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. [Doc. Nos. 120 and 131].

## II.  Background

Petitioner was charged in Count 2 of the Indictment with Attempted Possession with Intent to Distribute Approximately One Pound of

Methamphetamine in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(A). Petitioner entered a plea of guilty to that charge on December 17, 2001.

The United States Probation Office prepared a Presentence Investigation Report ("PSR") advising that the Petitioner qualified for an enhanced sentence pursuant to §4B1.1, Career Offender.  Section 4B1.1 provides that where the offense of conviction was a felony controlled substances crime, and the Petitioner had two prior felony convictions for a crime of violence or controlled substances crime, then a sentencing enhancement is warranted.  In this case, the PSR noted that Petitioner had prior felony convictions for Second Degree Burglary and Aggravated Robbery; both of which are considered crimes of violence as set forth in § 4B1.2(a).

Petitioner did not object to the finding that he qualified as a Career Offender.  He did argue that a criminal history category VI overstated his criminal history and the likelihood he would reoffend.  The Court agreed, and departed to a category IV.  With a total offense level 35, and a criminal history category IV, the resulting guideline range was 235-293 months.

On May 8, 2002, the Court sentenced Petitioner to 240 months imprisonment. Petitioner did not appeal his sentence; therefore his conviction became final when judgment was entered on May 10, 2002.

On July 31, 2015, Petitioner filed this § 2255 motion to vacate, set aside or correct his sentence. Petitioner filed an amended § 2255 petition on April 4, 2016.

### III. Habeas Petition

#### A. Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In response to such a motion, the court shall give a prompt hearing therein to identify the issues, make findings of fact and determinations of law, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). "[A] petition can be dismissed without a hearing if…the petitioner's allegations, accepted as true, would not

entitle the petitioner to relief." <u>Engelen v. United States</u>, 68 F.3d 238, 240 (8th Cir. 1995) (internal citations omitted).

      **B.**     **Petitioner's Stated Grounds for Relief**

Petitioner claims he is entitled to relief based on ineffective assistance of counsel. Specifically, Petitioner asserts that he was improperly classified as a Career Offender under the Sentencing Guidelines as his 1992 burglary conviction is an improper predicate offense. His attorney did not challenge the Career Offender designation and failed to investigate his criminal history. If counsel had done so, Petitioner argues the applicable guideline range would have been 135-168 months based on a total offense level of 30 and a criminal history category IV.

        **1. Timeliness of Motion**

There is a one year limitation period for filing a motion under Section 2255. 28 U.S.C. § 2255(f). This period begins to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on

which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Id.

Petitioner argues that the time period for bringing this §2255 petition should be equitably tolled[1]. United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005) (holding that equitable tolling applies to habeas petitions filed under § 2255).

The doctrine of equitable tolling should be applied only where extraordinary circumstances beyond a petitioner's control prevent timely filing. Id. "Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance in

---

[1] Originally, Petitioner claimed he was entitled to relief based on Johnson v. United States, 135 S. Ct. 2551 (2015), which found the residual clause of the statutory definition of crimes of violence was unconstitutionally vague. Because Johnson created a new right, Petitioner argued his motion is timely under §2255(f)(3). Here, Petitioner is challenging his 1992 burglary conviction as a predicate offense under §4B1.1. Since burglary is one of the enumerated offenses listed in the guidelines definition of crime of violence, the residual clause has no bearing in this case. Recognizing this conclusion, Petitioner has withdrawn the claim that Johnson applies and instead claims the limitation period should be equitably tolled because of ineffective assistance of counsel. (Doc. No. 131, p. 3.)

this regard." Id.  Serious attorney misconduct may, however, warrant equitable tolling.  Id.   In Martin, the court held that equitable tolling was warranted because counsel made a number of misrepresentations as to the status of the defendant's habeas petition, such as telling the defendant and his wife that there was "no such thing as a one-year filing deadline for §2255 motions."  Id. at 1094.  Counsel also told the defendant and his wife that he had filed a timely motion, when in fact counsel had not done so.  Id.; see also Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (finding that counsel hired for the purpose of filing a habeas petition, who later failed to file such petition in a timely manner, despite repeated requests for updates, was sufficiently egregious to equitably toll limitations period).

    Petitioner has not demonstrated that equitable tolling is warranted in this case.  While arguing that his counsel was ineffective at the time he entered his plea of guilty and at sentencing, Petitioner does not argue that counsel took affirmative steps to interfere with Petitioner filing a timely petition.  Instead, he argues that counsel simply abandoned him following his sentencing hearing.  As Petitioner has failed to demonstrate that equitable tolling is warranted, and that

none of the §2255(f) factors applies in this case, the petition must be dismissed as untimely.

## IV. Certificate of Appealability

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decision on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. The Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence [Doc. Nos. 120 and 131] is **DENIED** and the case **DISMISSED WITH PREJUDICE**; and

2. The Court denies a Certificate of Appealabiltiy in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

**Date:   May 16, 2016**

<u>s/ Michael J. Davis</u>
**Michael J. Davis**
**United States District Court**
